UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LINDA JACOBS,

            Plaintiff,

- against -

COVENANT OF MARY THE QUEEN,

            Defendant.
------------------------------------------------------------X

Docket Number:

ECF CASE

**COMPLAINT**

**PLAINTIFF DEMANDS
A JURY TRIAL**

JUDGE MOTZ

'10 CIV 09370

Plaintiff, **LINDA JACOBS,** by her attorneys, **GOODSTEIN & ASSOCIATES** complaining of defendant, **COVENANT OF MARY THE QUEEN,** alleges as follows:

1. This is an action brought pursuant to the Family and Medical Leave Act of l993. Jurisdiction of this Court is established pursuant to 29 U.S.C. §2617(a)(2) which permits an action to recover damages or equitable relief in any Federal Court of competent jurisdiction by any one or more employees for a violation of said Act.

**PARTIES**

2. Plaintiff, LINDA JACOBS, resides in Yonkers, New York, County of Westchester.

3. Defendant, COVENANT OF MARY THE QUEEN, is a corporation with offices at 35 Vark Street, Yonkers, New York, New York, 10701, is an employer subject to the Family and Medical Leave Act of 1993, 29 U.S.C. §26ll. On information and belief, defendant, COVENANT OF MARY THE QUEEN, is engaged in commerce, or in industry or activity affecting commerce, and employs 50 or more workers for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year. On information and belief, defendant, COVENANT

OF MARY THE QUEEN, employed plaintiff, LINDA JACOBS, at a work site where it employed more than 50 employees.

4. Plaintiff, LINDA JACOBS on information and belief, is an eligible employee as defined under the Family and Medical Leave Act of 1993, in that she was employed by defendant for at least 12 months prior to her request for leave, and she worked at least 1,250 hours with said defendant during the previous 12 month period. 29 U.S.C. §2611.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1337 (interstate commerce).

7. Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c) in that all or a substantial part of the events or omissions giving rise to the claims occurred and defendant resides in this district.

8. Plaintiff, LINDA JACOBS, began her employment with defendant in or about April 17, 1986. This employment continued without break until the date of her termination on or about October 19, 2010.

9. On or about September 23, 2010, plaintiff took leave for clinical depression, which left plaintiff disabled and caused her to stop working. Plaintiff was out of work for three weeks, during which time plaintiff was seen at least twice by a medical professional, until October 19, 2010 when she was terminated. Defendant knew plaintiff remained out three weeks and was twice seen by a medical professional. This condition qualified as a "serious health condition" pursuant to the Family and Medical Leave Act ("The Act"). Thus, her illness qualified as a serious health condition. Pursuant to a medical provider, defendant knew of plaintiff's course of treatment. Defendant should have but did not place plaintiff on FMLA Leave. Plaintiff is entitled to all the

protections of the Act, despite defendant's failure to place plaintiff on FMLA leave. Burnett v. LFW Inc d/b/a Habitat Co., ____ F3rd ____ (7th Cir 2006)

10. Plaintiff was eligible to return to work and was entitled to be restored to her equivalent position as required by the FMLA.

11. By letter dated November 19, 2010 plaintiff was informed she was terminated on October 19, 2010.(A copy of this letter is annexed as Exhibit #1).

12. On information and belief, plaintiff was terminated because she took a leave of absence of three weeks commencing September 23, 2010.

13. Because of the nature of plaintiff's medical condition, she provided such notice as was practicable to the employer. Such actual notice was given and medical documentation was also provided to defendant.

### AS AND FOR THE FIRST CAUSE OF ACTION (FMLA)

14. In all circumstances, it was defendant's responsibility to designate leave as FMLA qualified and defendant was prohibited from discriminating against plaintiff for using FMLA leave. However, plaintiff was terminated on October 19, 2010 because she took 3 weeks of leave.

15. Plaintiff was entitled to Family and Medical Leave Act leave, and said leave could not be utilized to terminate her employment.

16. By terminating plaintiff because of her 3 week leave period, defendant violated the Family and Medical Leave Act's protection against discriminatory termination.

17. Accordingly, defendant has violated the Family and Medical Leave Act of 1993, by terminating plaintiff.

18. The actions of defendant complained of are willful violations of 29 U.S.C. §2612,

§2614, §2615, §2617 and 29 C.F.R. §825 112, §825 114, §825 208, §825 220.

## JURY DEMAND

19. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff hereby demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendant as follows:

**On the FMLA Cause of Action:**

(1) An amount equal to back wages, benefits, and pension for plaintiff from October 19, 2010;

(2) Interest on the above described amount calculated at the prevailing rate;

(3) An additional amount as liquidated damages equal to the sum of the amount described above including interest;

(4) Employment reinstatement;

(5) Reasonable attorneys' fees, pursuant to 29 U.S.C. §2617; and

(6) Reasonable expert witness fees and other costs of the action, pursuant to 29 U.S.C. §2617.

Dated: New Rochelle, New York
December 13, 2010

Yours, etc.,

GOODSTEIN & ASSOCIATES

By: _____
Robert David Goodstein (RDG-5443)
*Attorneys for Plaintiff*
270 North Avenue, Suite 410
New Rochelle, New York 10801
(914) 632-8382



Convent of Mary the Queen
35 Vark Street
Yonkers, NY 10701
914.476.7474
fax 914.476.7484
www.scny.org

SISTERS of CHARITY NEW YORK

November 19, 2010

Dear Mr. Lou Eliasoff,

Linda Jacobs who was employed by the Convent of Mary the Queen since April 1986 was terminated as of October 19, 2010. Ms. Jacobs is interested in speaking to you about her 403 b that she has had with Met. Life.

Sincerely,

Kathleen Mc Hugh S.C.

Kathleen Mc Hugh S.C.

Personnel Director

Living Lives of Love...Viviendo Vidas de Amor